FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 18, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHAWN PATTERSON and AMANDA PATTERSON, individually and as the marital community thereof,

Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire corporation.,

Defendant.

NO. 2:25-CV-0296-TOR

ORDER OF DISMISSAL WITHOUT PREJUDICE

BEFORE THE COURT is Plaintiffs' Motion to Voluntarily Dismiss (ECF No. 11). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' motion is **GRANTED**.

## BACKGROUND

This case arises out of an insurance dispute related to a water loss to Plaintiffs' residence located in Deer Park, Washington. The following facts are

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 1

taken from Plaintiffs' complaint (ECF No. 1-1). Plaintiffs had an insurance policy through Defendant that provided coverage for the dwelling at issue, personal property, loss of use, and other additional coverages. ECF No. 1-1 at ¶¶ 2.2, 2.3. On May 9, 2023, Plaintiffs opened a claim with Defendant after Plaintiffs' dwelling suffered a water loss. *Id.* at ¶ 2.2. Plaintiffs retained Property Claim Advocates ("PCA") to represent them in their claims with Defendant. *Id.* at ¶ 2.5. Plaintiffs, through the PCA, submitted to Defendant an estimate of repair in the amount of $113,828.85 and a Sworn Statement in Proof of Loss in the amount of $181,265.27. *Id.* at ¶¶ 2.8, 2.10. Plaintiffs' allege that to date, they have not received all the benefits they are entitled to under the policy. ECF No. 1-1 at ¶ 2.33.

Plaintiffs filed a complaint in the Spokane County Superior Court on April 11, 2025 bringing six claims: (1) Defendant violated the Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30 *et seq.*; (2) Defendant breached its duty of good faith by giving greater consideration to its own interests rather than Plaintiffs' and forcing Plaintiffs to seek counsel to pursue their claims; (3) Defendant breached its insurance contract with Plaintiffs; (4) Defendant violated the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*; (5) Plaintiffs seek declaratory judgment that they are entitled to coverage under their policy with Defendant; and (6) Defendant negligently handled Plaintiffs' insurance claim.

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 2

ECF No. 1-1 at ¶¶ 3.1-3.51.

Defendant removed the action to this Court on August 7, 2025. ECF No. 1. Plaintiffs now move to voluntarily dismiss their complaint without prejudice. ECF No. 11. Defendant opposes Plaintiffs' motion or alternatively requests attorney fees and costs that it incurred in removing the action to federal court. ECF No. 14 at 2.

## DISCUSSION

Plaintiff moves pursuant to Federal Rule of Procedure 41(a)(2) requesting a Court order voluntarily dismissing their action without prejudice. Plaintiffs seek to join additional parties that upon investigation are considered necessary parties to Plaintiffs' action. ECF No. 11 at 2. Plaintiffs contend that joining the parties will deprive the Court of subject matter jurisdiction and therefore seek dismissal to refile in state court. *Id.*

### A. Legal Standard

"A dismissal under Rule 41(a)(2) normally is without prejudice" and should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975-76 (9th Cir. 2001); *see also Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 3

dismissal." (internal citation omitted)).  The Ninth Circuit has defined "legal prejudice" to mean "prejudice to some legal interest, some legal claim, some legal argument."  *Id.* (quoting *Westlands Water Dist. V. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

**B. Analysis**

Defendant puts forward several arguments it contends weigh in favor of finding that dismissal will prejudice Defendant.  First, Defendant argues that it will suffer prejudice if the dismissal is granted without prejudice because it has incurred significant effort and expense in preparing for trial.  ECF No. 14 at 7.  However, the Ninth Circuit has "explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice."  *Westlands*, 100 F.3d at 97.  Moreover, Defendant does not elaborate on what significant effort or expense it has incurred other than noting that it served one set of discovery requests and incurred costs and fees in drafting the notice of removal.  ECF No. 14 at 7-8.

Defendant also contends that Plaintiffs' explanation is an obvious pretext for forum shopping and cites to *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389-90 (9th Cir. 1986).  But the facts of *Kern Oil* are distinguishable as the defendant in that case did not seek voluntary dismissal of a particular claim until after summary judgment was granted for the plaintiff as to that claim, and the

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 4

defendant tried to delay filing a motion for reconsideration until the case was reassigned to a different judge. *Kern Oil*, 792 F.2d at 1390. The Ninth Circuit concluded that "Tenneco's filings emphasize Tenneco's desire to litigant Count IV" before a particular judge and therefore upheld the district court's conclusion that the defendant was forum shopping. *Id.* Here, no summary judgment motion has been filed and nothing in the record indicates to the Court that Plaintiffs are forum shopping.

Defendant next argues that the timing of Plaintiffs' motion suggests it was done to avoid an adverse ruling on the merits because Defendant gave notice to Plaintiffs that a motion for summary judgment was forthcoming. ECF No. 14 at 9-10. This argument is unpersuasive as it requires two assumptions: first, that this Court would have granted Defendant's future summary judgment motion on some or all claims; and second, that the court where the action is ultimately refiled would not. The Court declines to make such inferences.

In conclusion, the Court does not find that voluntarily dismissing this action without prejudice will cause Defendant any legal prejudice. It is still relatively early in the litigation and no summary judgment motions are pending. Therefore, the Court will grant Plaintiffs' motion.

**C. Attorney Fees and Costs**

Defendant argues that if dismissal is granted, it be awarded the costs and

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 5

fees it incurred in removing the case to federal court because the work cannot be used in any future litigation of Plaintiffs' claims.  ECF No. 14 at 7.  Reasonable costs and fees "are often imposed upon a plaintiff who is granted voluntary dismissal under [Rule] 41(a)(2)." *Stevedoring Servs.*, 889 F.2d at 921 (9th Cir. 1989); *see also Westlands*, 100 F.3d at 97 ("[T]he defendants should only be awarded fees for work which cannot be used in any future litigation of these claims.").

The Court concludes the interests of justice are served by awarding Defendant reasonable fees and costs associated with removing this action to federal court.

//

//

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Voluntarily Dismiss (ECF No. 11) is **GRANTED**. Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs' Complaint (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE**.

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 6

2. Defendant shall submit a bill of costs within **fourteen (14) days** of this ruling.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **close** the file.

DATED May 18, 2026.

THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 7